287-08/ROSS
FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
A.P. Moller – Maersk A/S
80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| LOUIS DREYFUS CORPORATION, | 08-CV. 1899 (DAB) |
| Plaintiff, | **ANSWER TO VERIFIED COMPLAINT WITH CROSS-CLAIMS** |
| -against- | |
| MAERSK FREEMANTLE, her engines, boiler, tackle, etc., MS CONTESTE BERND BARTELS KG GMBH & CO., BERND BARTELS, A.P. MOLLER MAERSK A/S (MAERSK LINE), SAFEWAY TRUCKING CORPORATION and EAST COAST CES INC., | |
| Defendants. | |

------------------------------------------------------------x

Defendant, A.P. MOLLER – MAERSK A/S (MAERSK LINE), (hereinafter "Maersk") for its Answer to the Verified Verified Complaint of Plaintiff herein, alleges upon information and belief as follows:

1.  Admits that Plaintiff states that its claim constitutes an admiralty or maritime within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of this Court, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "1" of the Verified Complaint.

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "2" of the Verified Complaint.

3. Admits that Defendant Maersk was a charterer of the vessel MAERSK FREEMANTLE, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "3" of the Verified Complaint.

4. Denies the allegations set forth in Paragraph "4" of the Verified Complaint.

5. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "5" of the Verified Complaint.

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "6" of the Verified Complaint.

7. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "7" of the Verified Complaint.

8. Denies the allegations set forth in Paragraph "8" of the Verified Complaint.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "9" of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

10. The Verified Complaint fails to state a claim or cause of action against the answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

11. This Court lacks subject matter jurisdiction over the present action.

### THIRD AFFIRMATIVE DEFENSE

12. If the shipment referred to in the Verified Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then the said loss or damage occurred as a consequence of negligence and/or breach of contract by Plaintiff, shipper, cargo owner, consignee and/or holder of the said bill(s) of lading and while the goods were in the care, custody, carriage and/or transport of the foregoing agents or contractors acting on their behalf.

### FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff is not the real party in interest and/or proper party Plaintiff to assert this claim.

### FIFTH AFFIRMATIVE DEFENSE

14. The shipment described in the Verified Complaint was received, loaded, carried, discharged and/or delivered under and/or subject to the terms, conditions, exceptions and limitations of a certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bill(s) of lading agreed to be and are bound and subject also to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 et seq. (as recodified), and/or the Harter Act 46 U.S.C. §19 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted to the shipment described in the Verified Complaint, which is denied, it was due to a cause or causes for which the answering Defendant is not liable by virtue of the terms of the aforementioned dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment and/or the aforementioned legislation.

## SIXTH AFFIRMATIVE DEFENSE

15. The loss or damage allege in the Verified Complaint occurred at point in time prior to the time the goods were tendered to the answering Defendant or subsequent to the time the subject container was delivered by the Defendant.

## AS AND FOR ITS CROSS-CLAIM AGAINST DEFENDANTS MS CONTESTE BERND KG GMBH & CO., BERND BARTELS, SAFETY TRUCKING CORPORATION AND EAST COAST CES INC. DEFENDANT MAERSK ALLEGES AS FOLLOWS

16. Defendant Maersk repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 15 of this Answer, with the same force and effect as if herein set forth at length.

17. If there was any loss or damage to the shipment referred to in the Verified Complaint, which is denied, and said loss or damage caused any liability to Defendant Maersk, then the said liability was brought about by Co-Defendants MS Conteste Bernd KG GMBH & Co., Bernd Bartels, Safety Trucking Corporation and East Coast CES Inc. negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Maersk is entitled to full indemnity and/or contribution from the aforementioned Co-Defendants, for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE,** Defendant Maersk prays that the Verified Complaint against it be dismissed and that its Cross-Claim be granted, and that the Court may grant any such other or further relief as may be just and proper.

DATED:   New York, New York
         June 17, 2008

                                      FREEHILL HOGAN & MAHAR, LLP
                                      Attorneys for Defendant AP Moller Maersk
                                      (Maersk Line)

BY: _____
                                      JAMES L. ROSS (JR 6411)
                                      80 Pine Street
                                      New York, New York 10005
                                      (212) 425-1900


TO:    Kingsley, Kingsley & Calkins
         Attorneys for Plaintiff Louis Dreyfus Corporation
         91 W. Cherry Street
         Hicksville, New York 11801
         Attn: Harold M. Kingsley, Esq.

         MS Conteste Bernd Bartels KG GmbH & Co.
         Gross Hove 9
         21635 Jork
         Germany

         Safeway Trucking Corporation
         1140 Polaris Street
         Elizabeth, New Jersey 07201

         East Coast CES, Inc.
         1140 Polaris Street
         Elizabeth, New Jersey 07201

STATE OF NEW YORK )
                                        )ss.:
COUNTY OF NEW YORK )

    I, LINDA L. URBANOWICZ, being sworn, say; I am not a party to the action, am over 18 years of age and have an office and place of business at 80 Pine Street, New York, New York 10005. On June 17 2008, I served the within **ANSWER TO VERIFIED COMPLAINT WITH CROSS-CLAIMS** on:

Kingsley, Kingsley & Calkins
91 W. Cherry Street
Hicksville, New York 11801
Attn: Harold M. Kingsley, Esq.

MS Conteste Bernd Bartels KG GmbH & Co.
Gross Hove 9
21635 Jork
Germany

Safeway Trucking Corporation
1140 Polaris Street
Elizabeth, New Jersey 07201

East Coast CES, Inc.
1140 Polaris Street
Elizabeth, New Jersey 07201

via ECF and by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U. S. Postal Service within New York State.

                                      LINDA L. URBANOWICZ

Sworn to before me on this
17th day of June 2008.

    NOTARY PUBLIC

MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6067399
Qualified in Kings County
Certificate Filed in New York County
Commission Expires December 10, 2009