LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Defendants
Safeway Trucking Corporation and East
Coast CES Inc.

David I. Robinson (DIR 9047)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LOUIS DREYFUS CORPORATION,

                                     Plaintiff(s),          08-CV. 1899 (DAB)

    -against-

MAERSK FREEMANTLE, her engines, boiler,        ANSWER TO VERIFIED
tackle, etc., MS CONTESTE BERND                         COMPLAINT WITH
BARTELS KG GMBH & CO., BERND                           CROSS-CLAIMS
BARTELS, A.P. MOLLER MAERSK A/S
(MAERSK LINE), SAFEWAY TRUCKING
CORPORATION and EAST COAST CES INC.,

                                     Defendant(s).
-------------------------------------------------------------------X

       Defendants, SAFEWAY TRUCKING CORPORATION and EAST COAST CES INC., for its Answer to the Verified Complaint of Plaintiff herein, alleges upon information and belief as follows:

       1. Denies knowledge or information sufficient to form a belief with respect to the allegation contained in Paragraph "1" of the Verified Complaint and refers all questions of law to the Court.

       2. Denies knowledge or information sufficient to form a belief with respect to the allegation contained in Paragraph "2" of the Verified Complaint.

3. Denies knowledge or information sufficient to form a belief with respect to the allegation contained in Paragraph "3" of the Verified Complaint and refers all questions of law to the Court.

4. Denies the allegations set forth in Paragraph "4" of the Verified Complaint.

5. Denies knowledge or information sufficient to form a belief with respect to the allegation contained in Paragraph "5" of the Verified Complaint.

6. Denies knowledge or information sufficient to form a belief with respect to the allegation contained in Paragraph "6" of the Verified Complaint.

7. Denies knowledge or information sufficient to form a belief with respect to the allegation contained in Paragraph "7" of the Verified Complaint.

8. Denies the allegations set forth in Paragraph "8" of the Verified Complaint.

9. Denies knowledge or information sufficient to form a belief with respect to the allegation contained in Paragraph "9" of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. That the complaint fails to state a cause of action for which relief may be granted against defendants.

## SECOND AFFIRMATIVE DEFENSE

11. That if plaintiff sustained damages as alleged in the complaint, said damages were caused, in whole or in part, by the intentional conduct and/or culpable conduct and/or comparative negligence of plaintiff.

### THIRD AFFIRMATIVE DEFENSE

12. That if plaintiff sustained damages as alleged in the complaint, said damages were caused, in whole or in part, by the intentional, negligent and/or other culpable conduct of a person and/or persons not under the supervision or control of defendants.

### FOURTH AFFIRMATIVE DEFENSE

13. That plaintiff voluntarily undertook a course of action and assumed the foreseeable risk for the result and damages.

### FIFTH AFFIRMATIVE DEFENSE

14. That all risks and dangers associated with the situation at the time and place alleged in the complaint were open, obvious and apparent, and were known to and assumed by plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

15. That some or all of plaintiff's alleged economic loss was or will be replaced or indemnified from collateral sources and, therefore, any award for economic loss should be reduced, pursuant to CPLR 4545.

### SEVENTH AFFIRMATIVE DEFENSE

16. That plaintiff has failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

17. That the damages allegedly sustained by plaintiff were caused in whole or in part, through the operation of nature.

### NINTH AFFIRMATIVE DEFENSE

18. That if plaintiff sustained damages as alleged in the complaint, said damages were caused, in whole or in part, solely by perils of the sea, acts of God and/or force majeur, over which defendants had no control.

### TENTH AFFIRMATIVE DEFENSE

19. That if plaintiff sustained damages as alleged in the complaint, said damages were caused, in whole or in part, without the privity or knowledge of defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

20. That defendants hereby claims exoneration from liability for all losses, damages or injuries caused or contributed to the alleged occurrence herein and/or voyage, and defendants further claim the limitation of liability provided by the United States Code and various statutes supplementary thereto and amendatory thereto, and in particular the limitation of liability provided in 46 U.S.C. §§183-185, and/or any similar defenses pursuant to state and/or common law.

### TWELFTH AFFIRMATIVE DEFENSE

21. This Court lacks subject matter jurisdiction over the present action.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff is not the real party in interest and/or proper party Plaintiff to assert this claim.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. The shipment described in the Verified Complaint was received, loaded, carried, discharged and/or delivered under and/or subject to the terms, conditions, exceptions and

limitations of a certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bill(s) of lading agreed to be and are bound and subject also to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COSGA"), 46 U.S.C. §1300 et seq. (as recodified), and/or the Harter Act 46 U.S.C. §19 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted to the shipment described in the Verified Complaint, which is denied, it was due to a cause or causes for which the answering Defendants are not liable by virtue of the terms of the aforementioned dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment and/or the aforementioned legislation.

### *AS AND FOR ITS CROSS-CLAIM FOR COMMON LAW INDEMNIFICATON AGAINST DEFENDANTS, MAERSK FREEMANTLE, MS CONTESTE BERND BARTELS KG GMBH & CO., BERND BARTELS, A.P. MOLLER MAERSK A/S (MAERSK LINE) DEFENDANTS SAFEWAY TRUCKING AND EAST COAST CES INC., ALLEGES THE FOLLOWING:*

24. That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part due to the primary and active carelessness, recklessness and negligence and/or negligent acts of omission or commission of the co-defendant, its agent(s), servant(s) and/or employee(s) with the negligence of this answering defendant(s), if any, being secondary, derivative and created solely by operation of law.

25. If plaintiff(s) should recover judgment against the answering defendant(s), then co-defendant(s) shall be liable to fully indemnify this answering defendant(s) for the amount

of any recovery obtained herein by plaintiff(s) against this answering defendant(s) as the Court or jury may direct.

26. That by reason of this action, answering defendant(s) has (have) been and will be put to costs and expenses, including attorneys' fees, and, this defendant(s) demands judgment dismissing the Complaint herein as to this defendant(s) and, further, demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by the plaintiff(s) against this answering defendant(s) or in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

*AS AND FOR ITS CROSS-CLAIM FOR CONTRIBUTION AGAINST DEFENDANTS, MAERSK FREEMANTLE, MS CONTESTE BERND BARTELS KG GMBH & CO., BERND BARTELS, A.P. MOLLER MAERSK A/S (MAERSK LINE) DEFENDANTS SAFEWAY TRUCKING CORPORATION AND EAST COAST CES INC., ALLEGE THE FOLLOWING:*

27. That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendant(s), its agent(s), servant(s) and/or employee(s).

28. Further, if plaintiff(s) should recover judgment against this answering defendant(s), the co-defendant(s) shall be liable to this defendant on the basis of apportionment of responsibility for the alleged occurrence and this defendant is entitled to contribution from and judgment over and against co-defendant(s) for all or part of any

verdict or judgment which plaintiff(s) may recover in such amounts as a jury or Court may direct.

29. This defendant(s) demands judgment dismissing the Complaint herein as to the answering defendant(s), and further demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by plaintiff(s) against this answering defendant(s) or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

WHEREFORE, Defendants SAFEWAY TRUCKING CORPORATION and EAST COAST CES INC., prays that the Verified Complaint against it be dismissed and that its Cross-Claim be granted, and that the Court may grant any such other or further relief as may be just and proper.

Dated: Melville, New York
June 30, 2008

BY:  LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Defendants
Safeway Trucking Corporation and
East Coast CES Inc.

_____
DAVID I. ROBINSON (DIR 9047)
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, NY  11747
(631) 501-3100

TO:
Kingsley, Kingsley & Calkins
Attorneys for Plaintiff
91 West Cherry Street
Hicksville, NY 11801
Attn: Harold M. Kingsley, Esq.
(516) 931-0064

Freehill, Hogan & Mahar, LLP
Attorneys for Defendant AP Moller Maersk (Maersk Line)
80 Pine Street
New York, NY, 10005
Attn: James L. Ross, Esq.
(212) 425-1900

MS Conteste Bernd Bartels KG GmbH & Co.
Gross Hove 9
21635 Jork
Germany

STATE OF NEW YORK)
                  : 
COUNTY OF SUFFOLK )

  CHRISTINE ROTHBLATT, being duly sworn deposes and says:
  That deponent is not a party to the action and is over the age of 18 years and that on the 8th day of July, 2008, deponent served the within ANSWER TO VERIFIED COMPLAINT WITH CROSS-CLAIMS upon:

Kingsley, Kingsley & Calkins
Attorneys for Plaintiff
91 West Cherry Street
Hicksville, NY 11801
Attn: Harold M. Kingsley, Esq.

Freehill, Hogan & Mahar, LLP
Attorneys for Defendant AP Moller Maersk (Maersk Line)
80 Pine Street
New York, NY, 10005
Attn: James L. Ross, Esq.

MS Conteste Bernd Bartels KG GmbH & Co.
Gross Hove 9
21635 Jork
Germany

<u>COURTESY COPY</u> (2)

Justice Batts
Federal Court – United States District Court
United States Courthouse
500 Pearl Street, Rm. 2510
New York, New York 10007

the address designated for such service, by depositing a true copy in an official depository under the care and custody of the U.S. Postal Department, within the State of New York.

            _____
            CHRISTINE ROTHBLATT

Sworn to before me this

9th day of July, 2008
_____
  *NOTARY PUBLIC*

DAVID L. ROBINSON
Notary Public, State of New York
No. 02RO5074527
Qualified in Nassau County
Commission Expires 02/11/0?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                              08-CV 1899 (DAB)

LOUIS DREYFUS CORPORATION,

                              Plaintiff,

    -against-

MAERSK FREEMANTLE, her engines, boiler, tackle, etc., MS CONTESTE BERND
BARTELS KG GMBH & CO., BERND BARTELS, A.P. MOLLER MAERSK A/S
(MAERSK LINE), SAFEWAY TRUCKING CORPORATION and EAST COAST CES INC.,
                              Defendants.

## *ANSWER TO VERIFIED COMPLAINT WITH CROSS-CLAIMS*

LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Defendant(s)
SAFEWAY TRUCKING CORPORATION & EAST COAST CES INC.
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Facsimile (631) 501-3085 *(Not for Service)*

                              Matter No.: 0924181SAS
                              Claim No.: CBM2619

TO:

Service of a copy of the within                       is hereby admitted.

Dated:

                              Attorney(s) for

**NOTICE OF ENTRY:**
**PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on

**NOTICE OF SETTLEMENT:**
**PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on
at 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

Dated: Melville, New York            THE LAW OFFICE OF JOHN P. HUMPHREYS
                                        Attorneys for Defendant(s)
                                        As Designated Above