UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOUIS DREYFUS CORPORATION,   08 CV. 1899 (DAB)

             Plaintiff,

   - against –   **ANSWER TO VERIFIED COMPLAINT WITH CROSS-CLAIM**

MAERSK FREEMANTLE, her engines, boiler, tackle, etc., MS CONTESTE BERND BARTELS KG GMBH & CO., BERND BARTELS, A.P. MOLLER MAERSK A/S (MAERSK LINE), SAFEWAY TRUCKING CORPORATION and EAST COAST CES INC.,

             Defendants.
------------------------------------------------------------X

    Defendants MS CONTESTE REEDEREI BERND BARTELS GMBH & CO. KG sued herein as MS Conteste Bernd Bartels KG GmbH & Co., for its Answer to the Verified Complaint of Plaintiff herein, alleges upon information and belief as follows:

    1.    Admits that Plaintiff states that its claim constitutes an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of this Court, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "1" of the Verified Complaint.

    2.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "2" of the Verified Complaint.

    3.    Admits that Defendant MS Conteste Reederei Bernd Bartels GmbH & Co. KG was the owner of the vessel MAERSK FREMANTLE, but except as so admitted

denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "3" of the Verified Complaint.

4. Denies the allegations set forth in paragraph "4" of the Verified Complaint.

5. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "5" of the Verified Complaint.

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "6" of the Verified Complaint.

7. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "7" of the Verified Complaint.

8. Denies the allegations contained in paragraph "8" of the Verified Complaint.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "9" of the Verified Complaint.

**FIRST AFFIRMATIVE DEFENSE**

10. The Verified Complaint fails to state a claim or cause of action against the answering Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

11. This Court lacks subject matter jurisdiction over the present action.

## THIRD AFFIRMATIVE DEFENSE

12. If the shipment referred to in the Verified Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then the said loss or damage occurred as a consequence of negligence and/or breach of contract by Plaintiff, shipper, cargo owner, consignee and/or holder of the said bill(s) of lading and while the goods were in the care, custody, carriage and/or transport of the foregoing parties, or agents or contractors acting on their behalf.

## FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff is not the real party in interest and/or proper party Plaintiff to assert this claim.

## FIFTH AFFIRMATIVE DEFENSE

14. The shipment described in the Verified Complaint was received, loaded, carried, discharged and/or delivered under and/or subject to the terms, conditions, exceptions and limitations of a certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bill(s) of lading agreed to be and are bound and subject also to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted to the shipment described in the Verified Complaint, which is denied, it was due to a cause or causes for which the answering Defendant is not liable by virtue of the terms of the

aforementioned dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment and/or the aforementioned legislation.

### SIXTH AFFIRMATIVE DEFENSE

15. The Court lacks personal jurisdiction over Defendant MS Conteste Reederei Bernd Bartels GmbH & Co. KG.

### SEVENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims against defendant MS Conteste Reederei Bernd Bartels GmbH & Co. KG are time barred.

**AS AND FOR ITS CROSS-CLAIM AGAINST DEFENDANTS A.P. MOLLER MAERSK A/S (MAERSK LINE), SAFETY TRUCKING CORPORATION AND EAST COAST CES INC., DEFENDANT MS CONTESTE REEDEREI BERND BARTELS GMBH & CO. KG ALLEGES AS FOLLOWS:**

17. Defendant MS Conteste Reederei Bernd Bartels GmbH & Co. KG repeats and realleges each and every admission, denial and denial of knowledge or information container in paragraphs "1" through "16" of this Answer, with the same force and effect as if herein set forth at length.

18. If there was any loss or damage to the shipment referred to in the Verified Complaint, which is denied, and if said loss or damage caused any liability to Defendant MS Conteste Reederei Bernd Bartels GmbH & Co. KG, then the said liability was brought about by the negligence and/or breach of contract and/or breach of warranties, implied or expressed, of Co-Defendants A.P. Moller-Maersk A/S (Maersk Line), Safety

Trucking Corporation and East Coast CES, and by reason thereof, Defendant MS Conteste Reederei Bernd Bartels GmbH & Co. KG is entitled to full indemnity and/or contribution from the aforementioned co-defendants, or any of them, for their loss and damage including reasonable counsel fees and expenses.

WHEREFORE, Defendants MS Conteste Reederei Bernd Bartels GmbH & Co. KG prays that the Verified Complaint against it be dismissed and that its Cross-Claim be granted, and that the Court may grant any such other or further relief as may be just and proper.

Dated: New York, New York
      August 19, 2008

HILL, BETTS & NASH, LLP

By: _____
Mary T. Reilly (MTR 6305)
Attorneys for Defendant MS
CONTESTE REEDEREI BERND
BARTELS (GmbH & Co.) KG
One World Financial Center
200 LIBERTY STREET, 26th Floor
New York, New York 10281
(212) 839-7000

To:   Kingsley, Kingsley & Calkins
      Attorneys for Plaintiff
      91 West Cherry Street
      Hicksville, NY 11801
      Attention: Harold M. Kingsley, Esq.

      Freehill, Hogan & Mahar, LLP
      Attorneys for Defendant AP Moller Maersk (Maersk Line)
      80 Pine Street
      New York, New York 10005

Law Office of John P. Humphreys
Attorneys for Defendants Safeway Trucking Corporation and
East Coast CES Inc.
3 Huntington Quadrangle, Suite 1028
P.O. Box 9028
Melville, NY 11747
Attention: David L. Robinson, Esq.